**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
STANACARD, LLC,                                  :        **Case No. 1:12-cv-05176 (CM)**

                Plaintiff,        :        ECF CASE

-against-                                                     :

RUBARD, LLC D/B/A CENTMOBILE,
ALEKSANDR PALATKEVICH, ARTUR         :
ZAYTSEV & ALEXANDER DZERNEYKO,

                Defendants.    :
------------------------------------------------------------X

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

 

KROL & O'CONNOR
*Attorneys for Plaintiff*
320 West 81st Street
New York, NY 10024
(212) 595- 8009
igor@krol-oconnor.com
By: _____/s/_____
      Igor Krol

Jury Instructions No. 1: Delaware Uniform Trade Secrets Act (DUTSA)

Introduction: Misappropriation of Trade Secrets

(Delaware has yet to adopt pattern jury instructions under DUTSA)

Plaintiff claims that it developed, through a substantial investment, proprietary business processes, know-how, marketing techniques, computer software, subscriber and vendor data related to, and used in, plaintiff's telephony business, that such proprietary items constitute plaintiff's trade secrets, and charges that defendants misappropriated such trade secrets and thus engaged in unfair competition with plaintiff.

Defendants deny this claim. They also deny that such proprietary items constituted trade secrets.


Jury Instructions No. 2: Delaware Uniform Trade Secrets Act (DUTSA)

Misappropriation of Trade Secrets—Essential Factual Elements

Stanacard claims that defendants have misappropriated Stanacard's trade secrets. Under Delaware law, the Delaware Uniform Trade Secrets Act, trade secrets are a protectable interest.

To succeed on this claim under the DUTSA, Stanacard has the burden to prove all of the following by a preponderance of evidence:

1.  Stanacard owned/was a licensee of the following:
    i.  proprietary business processes, know-how, marketing techniques, computer software, subscriber and vendor data related to, and used in, plaintiff's telephony business ("Stanacard's Proprietary Information");
2.  Stanacard's Proprietary Information was a trade secret at the time of the misappropriation, i.e., the statutory elements—there is a commercial utility arising from secrecy and reasonable steps to maintain secrecy--have been shown;
3.  Defendants (Zaytsev and Palatkevich) had access to and acquired knowledge of Stanacard's Proprietary Information;
4.  Pursuant to an express or implied understanding that the secrecy of the matter would be respected; and
5.  Stanacard's Proprietary Information has been used or disclosed improperly to Stanacard's detriment.

Preponderance of the evidence – Delaware Pattern Jury Instruction

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

Jury Instruction No. 3: Delaware Uniform Trade Secrets Act (DUTSA)

"Trade Secret" Defined

The Delaware Uniform Trade Secrets Act (DUTSA) defines a trade secret as a formula, pattern, compilation, program, device, method, technique or process, that:

1. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

2. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Stanacard as the party asserting the existence of a trade secret must describe its "trade secret" with a reasonable degree of precision and specificity such that a reasonable jury could find that Stanacard established each statutory element of a trade secret.

Jury Instruction No. 4: Delaware Uniform Trade Secrets Act (DUTSA)

Reasonable Efforts to Protect Secrecy

To establish that Stanacard's Proprietary Information is a trade secret, Stanacard must prove that it made reasonable efforts under the circumstances to keep it secret.

"Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Stanacard, exercising due care to protect important information of the same kind. This requirement applies separately to each item that Stanacard claims to be a trade secret.

In determining whether or not Stanacard made reasonable efforts to keep Stanacard's Proprietary Information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

a.   Whether documents or computer files containing Stanacard's Proprietary Information were marked with confidentiality warnings;

b.   Whether Stanacard instructed its employees to treat Stanacard's Proprietary Information as confidential;

c.   Whether Stanacard restricted access to Stanacard's Proprietary Information to persons who had a business reason to know the information;

d.   Whether Stanacard kept Stanacard's Proprietary Information in a restricted or secured area;

e.   Whether Stanacard required employees or others with access to Stanacard's Proprietary Information to sign confidentiality or nondisclosure agreements;

f.   Whether Stanacard took any action to protect Stanacard's Proprietary Information, or whether it relied on general measures taken to protect its business information or assets;

g.   The extent to which any general measures taken by Stanacard would prevent the unauthorized disclosure of Stanacard's Proprietary Information;

h.   Whether there were other reasonable measures available to Stanacard that it did not take.

Jury Instruction No. 5: Delaware Uniform Trade Secrets Act (DUTSA)

Misappropriation by Acquisition

Defendants misappropriated Stanacard's Proprietary Information by acquisition if they acquired Stanacard's Proprietary Information and knew or had reason to know that a party used improper means to acquire them.

However, the law is clear that a comparison of published components of two customer loyalty programs cannot without more, give rise to a reasonable inference of misappropriation.

3

Jury Instruction No. 6: Delaware Uniform Trade Secrets Act (DUTSA)

Misappropriation by Disclosure

Defendants misappropriated Stanacard's Proprietary Information by disclosure if they:

1. disclosed Stanacard's Proprietary Information without Stanacard's consent; and

2. did any of the following:

a. acquired knowledge of Stanacard's Proprietary Information by improper means; or

b. at the time of disclosure, knew or had reason to know that their knowledge of Stanacard's' trade secrets came from or through Palatkevich or Zaytsev, and that Palatkevich or Zaytsev had previously acquired the trade secrets by improper means; or

c. at the time of disclosure, knew or had reason to know that their knowledge of Stanacard's trade secrets was acquired giving rise to duty to maintain secrecy, which created a duty to keep Stanacard's Proprietary Information secret; or

d. at the time of disclosure, knew or had reason to know that their knowledge of Stanacard's Proprietary Information came from or through Palatkevich or Zaytsev, and that Palatkevich and Zaytsev had a duty to Stanacard to keep Stanacard's Proprietary Information secret; or

e. before a material change of their position, knew or had reason to know that Stanacard's Proprietary Information was a trade secret and that knowledge of Stanacard's Proprietary Information had been acquired by accident or mistake.

Jury Instruction No. 7: Delaware Uniform Trade Secrets Act (DUTSA)

Misappropriation by Use

Defendants misappropriated Stanacard's Proprietary Information by use if they:

1. disclosed Stanacard's Proprietary Information without Stanacard's consent; and

2. did any of the following:

a. acquired knowledge of Stanacard's Proprietary Information by improper means; or

b. at the time of disclosure, knew or had reason to know that their knowledge of Stanacard's Proprietary Information came from or through Palatkevich or Zaytsev, and that Palatkevich or Zaytsev had previously acquired Stanacard's Proprietary Information by improper means; or

c. at the time of disclosure, knew or had reason to know that their knowledge of Stanacard's Proprietary Information was acquired giving rise to duty to maintain secrecy, which created a duty to keep Stanacard's Proprietary Information secret; or

d. at the time of disclosure, knew or had reason to know that their knowledge of Stanacard's Proprietary Information came from or through Palatkevich or Zaytsev, and that Palatkevich and Zaytsev had a duty to Stanacard to keep Stanacard's Proprietary Information secret; or

e. before a material change of their position, knew or had reason to know that Stanacard's Proprietary Information was a trade secret and that knowledge of Stanacard's Proprietary Information had been acquired by accident or mistake.

Jury Instruction No. 8: Delaware Uniform Trade Secrets Act (DUTSA)

Improper Means of Acquiring A Trade Secret

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, bribery, misrepresentation, breach or inducing a breach of a duty to maintain secrecy or espionage through electronic or other means.

However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

1. Independent efforts to invent or discover the information;

2. Observing the information in public use or on public display; or

3. Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

Further, under Delaware law, an employee may use and take general knowledge or information he or she has developed during their period of employment or service and in the absence of a covenant not to compete an employee who achieves technical expertise or general knowledge while in the employ of another may thereafter use that knowledge in competition with his former employer, so long as he does not use or disclose protected trade secrets in the process.

Jury Instruction No. 9: Delaware Uniform Trade Secrets Act (DUTSA)

Stanacard Must Prove That Defendants'
Misappropriation of Stanacard's Proprietary Information Proximately Caused Damages

If Stanacard proves that defendants misappropriated Stanacard's Proprietary Information, then Stanacard is entitled to recover damages if the actual loss or unjust enrichment claimed by Stanacard is caused by the misappropriation. Thereby, before Stanacard may recover damages, it must prove by preponderance of the evidence that its damages --lost profits or unjust enrichment of defendants -- would not have taken place but for defendants' misappropriation of Stanacard's Proprietary Information.

In assessing whether the misappropriation caused the alleged damages, the analysis involves two steps:

1. First, you must determine whether Stanacard has proven that an injury or damage occurred; and

2. Second, you must determine whether Stanacard has adequately proven the amount of its damages.

Jury Instruction No. 10: Delaware Uniform Trade Secrets Act (DUTSA)

Remedies for Misappropriation of Trade Secrets

In a DUTSA misappropriation of trade secrets case, damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

Delaware law does not permit recovery of damages which are merely speculative or conjectural.

Jury Instruction No. 11: Delaware Uniform Trade Secrets Act (DUTSA)

Punitive Damages for Willful and Malicious Misappropriation

If you decide that defendants' misappropriation of Stanacard's Proprietary Information caused Stanacard harm, you must decide whether that conduct justifies an award of punitive damages. The DUTSA provides that if willful and malicious misappropriation exists, punitive damages may be awarded in amount not exceeding twice any award of actual damages.

Therefore, in order to award punitive damages, you must determine whether any defendant individually acted willfully and maliciously meriting punitive damages.

"Willfulness" means defendants acted with awareness, either actual or constructive, of their own conduct and a realization of its probable consequences hatred.

"Malice" means that defendants acted with intent to cause injury, ill-will or with hatred.

Both willfulness and malice must be present for an award of punitive damages.

INSTRUCTION 74-11 SUMMARIES AND CHARTS ADMITTED AS EVIDENCE

Plaintiff has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

INSTRUCTION 75-7 – PARTY'S FAILURE TO PRODUCE EVIDENCE

You have heard testimony about evidence which has been demanded by Stanacard and not produced by defendants. Stanacard's counsel and experts have argued that this evidence was in defendants' possession or under their control and, had it been produced, would have proven facts material to the matter in controversy.

If you find that defendants could have produced such evidence, and that such evidence was within defendants' control, and that such evidence would have been material in deciding the facts in dispute in this case, then you are permitted to infer that the evidence would have been favorable to Stanacard.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether defendants had a reason, explained to your satisfaction, for not producing this evidence.

Any inference that you decide to draw should be based on all facts and circumstances in this case.

CONVERSION

In New York, conversion occurs where a plaintiff has legal ownership or a superior right of possession to property over which a defendant has exercised unauthorized control to the exclusion of plaintiff's right of possession. Berman v. Sugo LLC, 580 F. Supp.2d 191, 206 (S.D.N.Y. 2008). A wrongful intention to possess property is not an element of conversion. Fleet Capital Corp. v. Yamaha Motor Corp., USA, 2002 WL 32063614, *84 (S.D.N.Y. 2002)

The usual measure of damages in a conversion action is the value of the property at the time of the conversion, plus interest. Marketxt Holdings Corp. v. Engel & Reiman, P.C., 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010) (*quoting* Fantis Foods, Inc. v. Standard Importing Co., Inc., 49 N.Y.2d 317, 326 (1980).

UNJUST ENRICHMENT

Plaintiff claims that defendants were unjustly enriched at its expense. Defendants deny plaintiff's claims.

In New York, unjust enrichment occurs when defendant has obtained money, property or a benefit from plaintiff under such circumstances that, in fairness and good conscience, the money, property or benefit should not be retained by defendant. In those circumstances, the law requires that defendant repay, return to or compensate plaintiff.

The measure of damages for unjust enrichment claim is restricted to the "reasonable value of the benefit conferred by plaintiff on defendant" rather than plaintiff's loss. Pure Power Boot Camp, Inc., v. Warrior Fitness Boot Camp, LLC, 813 F. Supp.2, 489, 534 (S.D.N.Y. 2011) *citing* Giordano v. Thomson, 564 F.3d 163, 170 (2d Cir. 2009). This Court (Scheindlin, U.S.D.J.) held that "the question of whether defendant has been 'unjustly enriched' or should 'in equity and good conscience' repay is a question for the Court after the jury has determined whether the facts are as claimed." Learning Annex Holdings, LLC v. Rich Global, LLC, 2011 WL 3586138, *4-5 (S.D.N.Y. 2011) *citing* 2 New York Pattern Jury Instructions: Comment to Instruction No. 4:2 ("It should . . . never be left to the jury to say whether defendant has been 'unjustly enriched' or should 'in equity and good conscience' repay.")