Case 1:12-cv-05176-CM-GWG   Document 354   Filed 08/02/17   Page 1 of 3
Case 1:12-cv-05176-CM-GWG   Document 353   Filed 07/31/17   Page 3 of 5
Case 1:12-cv-05176-CM   Document 347-1   Filed 07/19/17   Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
STANACARD, LLC,

                Plaintiff,

-against-

RUBARD, LLC D/B/A CENTMOBILE,
ALEKSANDR PALATKEVICH, ARTUR
ZAYTSEV & ALEXANDER DZERNEYKO,

                Defendants.
--------------------------------------------------------------X

Case No. 1:12-cv-05176(CM)
ECF CASE

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/17
```

### STIPULATION AND ORDER CONCERNING
### EXPERT'S REVIEW UNDER SETTLEMENT AGREEMENT

    IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for all of the parties, as follows:

    WHEREAS, all of the parties to this action – Stanacard, LLC ("Stanacard"), Rubard, LLC ("Rubard"), Artur Zaytsev, Alexander Dzerneyko and Aleksandr Palatkevich – entered into a Settlement Agreement, dated as of February 28, 2017 (the "Settlement Agreement");

    WHEREAS, on June 12, 2017, the Court appointed Dr. Benjamin Goldberg (the "Expert") (Docket No. 344) to determine whether Rubard's New Source Code (as defined in the Settlement Agreement) infringes on Stanacard's copyright rights in Stanacard's Source Code (as defined in the Settlement Agreement), pursuant to Schedule B of the Settlement Agreement;

    WHEREAS, the Expert has completed a portion of his work, and has preliminarily determined that Rubard's New Source Code does not infringe on Stanacard's copyright rights in Stanacard's Source Code; and

    WHEREAS, Stanacard has determined that, based on the Expert's preliminary determination of no infringement, it is not necessary for the Expert to (a) carry out any additional

Case 1:12-cv-05176-CM-GWG Document 354 Filed 08/02/17 Page 2 of 3
Case 1:12-cv-05176-CM-GWG Document 353 Filed 07/31/17 Page 4 of 5

Case 1:12-cv-05176-CM Document 347-1 Filed 07/19/17 Page 2 of 3

steps pursuant to Schedule B of the Settlement Agreement to determine whether Rubard's New Source Code infringes on Stanacard's copyright rights in Stanacard's Source Code, or (b) prepare and submit a report to the parties, as required by the Settlement Agreement, Schedule B ¶ 6.

ACCORDINGLY, IT IS HEREBY ORDERED, on consent of all parties, as follows:

(i) It is not necessary for the Expert to, and the Expert shall not, (a) carry out any additional steps pursuant to Schedule B of the Settlement Agreement to determine whether Rubard's New Source Code infringes on Stanacard's copyright rights in Stanacard's Source Code, or (b) prepare and submit a report to the parties, as required by the Settlement Agreement, Schedule B ¶ 6;

(ii) The Expert's preliminary determination that Rubard's New Source Code does not infringe on Stanacard's copyright rights in Stanacard's Source Code shall (a) be deemed to be a final determination, in the Expert's opinion, that Rubard's New Source Code has passed the test and does not infringe on Stanacard's copyright rights in Stanacard's Source Code, pursuant to Schedule B ¶ 6 of the Settlement Agreement; (b) have the same force and effect as if the Expert had conducted the full review provided in Schedule B and made a final determination that Rubard's New Source Code has passed the test and does not infringe on Stanacard's copyright rights in Stanacard's Source Code; and (c) be binding on all parties, may not be challenged and is not appealable.

(iii) Stanacard hereby irrevocably waives its rights under the Settlement Agreement to (a) have the Expert prepare a report, as provided in Schedule B of the Settlement Agreement, and (b) have the Expert complete the full review of Rubard's New Source

2

Case 1:12-cv-05176-CM-GWG   Document 354   Filed 08/02/17   Page 3 of 3
Case 1:12-cv-05176-CM-GWG   Document 353   Filed 07/31/17   Page 5 of 5

Case 1:12-cv-05176-CM   Document 347-1   Filed 07/19/17   Page 3 of 3

Code and compare it to Stanacard's Source Code, as provided in Schedule B of the Settlement Agreement.

(iv) The Expert has concluded that Rubard properly deleted its Old Source Code (as defined in the Settlement Agreement) pursuant to the terms of the Settlement Agreement. This shall be deemed a final determination.

(v) To the extent that there are any discrepancies between this Stipulation and Order and the Settlement Agreement, the terms of this Stipulation and Order shall govern.

Dated: New York, New York
July 31, 2017

KROL & O'CONNOR

*(signature)*

Igor Krol
320 West 81st Street
New York, New York 10024
(212) 595-8009
igor@krol-oconnor.com
Attorneys for Plaintiff
Stanacard, LLC

KURZON KOHEN LLP

*(signature)*

Leonard M. Kohen
305 Broadway, 9th Fl.
New York, New York 10007
(917) 922-8442
leonard.cohen@kurzon.com
Attorney for Defendant
Aleksandr Palatkevich

**IT IS SO ORDERED.**

Dated: 2 August 2017

PADUANO & WEINTRAUB LLP

*(signature)*

Leonard Weintraub
Katherine Harrison
Lisia Leon
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100
LW@pwlawyers.com
Attorneys for Defendants Rubard, LLC,
Artur Zaytsev and Alexander Dzerneyko

*(signature)*

Honorable Colleen McMahon
United States District Judge

3